E-FILED
Monday, 16 December, 2013 01:53:02 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 12-cv-3295 ) |
| A-UNIFIED, LLC, | ) ) |
| Defendant, | ) ) |
| and | ) ) |
| MITCH STEVENSON, | ) ) |
| Respondent. | ) |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiffs' oral request for an order to show cause why Mitch Stevenson should not held in contempt. The Plaintiffs are multi-employer pension and welfare benefit plans qualified under the Employee Retirement and Income Security Act (ERISA), 29 U.S.C. § 1001 et seq. The Plaintiffs brought this action against Defendant A-Unified, LLC, (A-Unified) for unpaid pension and welfare benefits contributions owed to the Plaintiffs for its covered employees. On June 14, 2013, the Court entered judgment in favor of the

Plaintiffs and against Defendant A-Unified for liquidated damages in the sum of $6,015.88, plus attorney fees of $4,813.15, and costs.  Judgment (d/e 10).

On August 30, 2013, Plaintiffs personally served Mitch Stevenson with a Citation to Discover Assets (Citation) at A-Unified's offices located at 8662 Hampton Bay Plaza, Mason, Ohio  45040-5029.  Return of Service (d/e 13).  The Plaintiffs served Stevenson with the Citation because he was a member of A-Unified and because he acted as the manager of A-Unified.  Stevenson represented A-Unified in its business transactions in Illinois related to this proceeding.  On July 14, 2006, Stevenson signed the Memorandum of Agreement on behalf of A-Unified with the Great Plains Laborers' District Council located in Illinois.  On May 9, 2011, Stevenson signed the Participation Agreement on behalf of A-Unified with the Plaintiffs.   The Participation Agreement required A-Unified to participate in the Plaintiffs' ERISA qualified plans and to make the pension and welfare benefits contributions on which the judgment is based.  Supplemental Brief on Personal Jurisdiction (d/e 14) (Supplemental Brief), Collective Exhibit A, Memorandum of Agreement and Participation Agreement.  The Plaintiffs are also located in Illinois.  Complaint (d/e 1), ¶ 2.  On January 26, 2011, Mitch Stevenson signed a Demolition Contract as the Authorized Member

of A-Unified with the City of Peru, Illinois, to demolish a power plant in Peru.  Supplemental Brief, Exhibit B, Demolition Contract.

The Citation directed Mitch Stevenson to appear before this Court on October 17, 2013, and to bring certain business records of A-Unified.  On October 17, 2013, the Court held a hearing on the Citation.  Neither Mitch Stevenson nor anyone else appeared for A-Unified.  The Plaintiffs orally asked for a rule to show cause why Mitch Stevenson should not be held in contempt.  The Court took the request under advisement.  Minute Entry entered October 17, 2013.

On October 23, 2013, this Court directed the Plaintiffs to submit supplemental briefing on whether this Court had personal jurisdiction over Mitch Stevenson.  The Court noted that Stevenson appeared to be a citizen of Ohio.  A-Unified is located in Ohio and he was served in Ohio.  Text Order entered October 23, 2013.  The Plaintiffs have now complied with this Text Order by filing the Supplemental Brief.

Upon review of the Supplemental Brief, the Court will certify the request for a rule to show cause, but this order is without prejudice to Stevenson's right to challenge personal jurisdiction.

This Court has nationwide service of process jurisdiction to hear cases brought under ERISA, but ERISA does not grant nationwide service

of process to collect judgments based on ERISA claims.  Rodd v. Region Const. Co., 783 F.2d 89, 91 (7th Cir. 1986); see 29 U.S.C. § 1132(e).  Collection proceedings are governed by the collection procedures in effect in the state where the District Court is located, in this case Illinois.  Fed. R. Civ. P. 69(a).  Illinois law authorizes the issuance of citations to discover assets on any person who might have knowledge of the debtor's assets.  735 ILCS 5/2-1402(a).  The Court, however, must have personal jurisdiction over the person to whom the citation is addressed.  Salvator v. Admiral Merchant's Motor Freight, 175 Ill.App.3d 901, 530 N.E.2d 639, 642-43 (Ill.App. 4th Dist. 1988).

Illinois law and principles of due process govern this Court's authority to exercise personal jurisdiction in a supplemental proceeding.  See e.g., John Walker & Sons, Ltd. v. DeMert & Dougherty, Inc., 821 F.2d 399, 401 (7th Cir. 1987).  The Illinois long arm statute provides that Illinois courts have personal jurisdiction over non-residents who engage in certain acts, including transacting business in Illinois.  735 ILCS 5/2-209(a)(1).  The Illinois long arm statute also provides that Illinois courts may, "exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States."  735 ILCS 5/2-209(c).  In a business context, due process requires that the person

purposefully avail himself of the privilege of conducting business in the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

In this case, Respondent Stevenson acted as the manager of A-Unified in its business transactions related to this proceeding. He signed the Memorandum of Agreement, Participation Agreement and the Demolition Contract with the City of Peru, Illinois. In so doing, Stevenson personally participated in A-Unified's business activities in Illinois, and in particular, participated in the execution of the Participation Agreement that formed the basis for the Plaintiffs' judgment against A-Unified. Such personal participation is sufficient to authorize this Court to exercise personal jurisdiction over Stevenson. See John Walker & Sons, Ltd. v. DeMert & Dougherty, Inc., 821 F.2d at 404 (Personal jurisdiction in Illinois existed over the non-resident president who participated in the business dealings of a non-resident corporation in Illinois.); Salvator v. Admiral Merchant's Motor Freight, 530 N.E.2d at 643 (Illinois courts have personal jurisdiction in citation proceedings over employees of judgment debtor businesses if the employee was involved in the activity that formed the basis for the judgment debt.).

In light of Stevenson's direct participation in A-Unified's business activities in Illinois, and in particular his participation in the execution of the

Participation Agreement, the Court finds that it has authority to exercise personal jurisdiction over him.  Therefore, the Court will allow the request for the rule to show cause.  The Court notes that Stevenson has not had the opportunity to challenge personal jurisdiction.  Therefore, the finding of personal jurisdiction is without prejudice to his right to raise such a challenge.

WHEREFORE The Plaintiffs' oral Motion for a Rule to Show Cause is ALLOWED.  The Court will certify the rule to show cause to be served on Stevenson by separate order.

ENTER:  December 16, 2013

*s/ Byron G. Cudmore*
UNITED STATES MAGISTRATE JUDGE